UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF RHODE ISLAND

ANNA GROVER,                                   :
                                               :
        v.                                     :        C.A. No. 16-041-WES-PAS
                                               :
SHECHTMAN HALPERIN SAVAGE, LLP,                :


**DEFENDANT SHECHTMAN HALPERIN SAVAGE, LLP'S**
**REPLY IN OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND THE DATES**
**SET FORTH IN THE COURT'S MARCH 14, 2016 SCHEDULING ORDER**

Now comes Defendant Shechtman Halperin Savage, LLP and hereby submits its reply in

opposition to Plaintiff's Motion to Extend the Dates Set Forth in the Court's March 14, 2016

Scheduling Order.  The grounds for this Reply are set forth in the accompanying Memorandum

of Law.

                                Defendant,
                                SHECHTMAN HALPERIN SAVAGE, LLP
                                By its attorneys,


                                /s/ Ali Khorsand
                                MICHAEL D. CHITTICK (#5967)
                                mchittick@apslaw.com
                                ALI KHORSAND (#8084)
                                akhorsand@apslaw.com
                                ADLER POLLOCK & SHEEHAN P.C.
                                One Citizens Plaza, 8th Floor
                                Providence, RI 02903
                                Tel:  (401) 274-7200
                                Fax:  (401) 351-4607

Dated:  November 13, 2017

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 13, 2017, a true copy of the within was filed electronically via the Court's CM/ECF System.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and the filing is available for viewing and downloading from the Court's CM/ECF System.  Service on the counsel of record listed below has been effectuated by electronic means.

Mark P. Gagliardi, Esq.
Law Office of Mark P. Gagliardi, LLC
120 Wayland Avenue, Suite 7
Providence, RI  02906
mark@gagliardilaw.net

*/s/ Ali Khorsand*

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF RHODE ISLAND

ANNA GROVER,                                     :
                                                 :
       v.                                        :          C.A. No. 16-041-WES-PAS
                                                 :
SHECHTMAN HALPERIN SAVAGE, LLP,                  :

**DEFENDANT SHECHTMAN HALPERIN SAVAGE, LLP'S
MEMORANDUM IN SUPPORT OF ITS OPPOSITION TO
PLAINTIFF'S MOTION TO EXTEND THE DATES
SET FORTH IN THE COURT'S MARCH 14, 2016 SCHEDULING ORDER**

Defendant, Shechtman Halperin Savage, LLP ("SHS"), respectfully submits this

Memorandum of Law in support of its Opposition to Plaintiff's Motion to Extend the Dates Set

Forth in the Court's March 14, 2016 Order ("Plaintiff's Motion" or "Motion").[1]  For the reasons

set forth herein, this Honorable Court must deny the Plaintiff's Motion because she has failed to

show the good cause required to amend the Scheduling Order.

## INTRODUCTION

Plaintiff's latest Motion is solely asserted to delay this Court's adjudication of the

Plaintiff's claims on summary judgment.  In this case, one simple fact remains true and will

never change: as of July 1, 2012 – over one month prior to SHS's termination of Plaintiff's

employment – the Plaintiff was deemed totally disabled by the Social Security Administration,

effectively eliminating any monetary damages available to the Plaintiff for any alleged back pay

or front pay lost wages.  The SSA arrived at this conclusion based partly on Plaintiff's own

assertion that she had become disabled as of July 1, 2012.  At this juncture, Plaintiff continues to

seek additional extensions to merely draw out this case and to test SHS's will to continue to

---

[1] Although Plaintiff in the title of her Emergency Motion seeks to amend the dates in the March 14, 2016
Scheduling Order, she is in fact asking this Honorable Court to amend the dates set forth in the Court's
September 14, 2017 Text Order, which set the date of close of fact discovery as November 30, 2017.

litigate this matter.  SHS urges the Court to finally bring an end to discovery, which has already

been extended at Plaintiff's request several times.  SHS has waited long enough for an

opportunity to finally seek summary judgment.

<u>FACTS</u>

The Plaintiff, Anna Grover, was employed at SHS from April 2006 to August 9, 2012.

(Compl. ¶ 9).  Plaintiff was initially employed in SHS's Human Resources Department.  (Compl.

¶ 10).  Plaintiff exhibited a number of job performance issues during her tenure with the Human

Resources Department.  In late 2010, Plaintiff was hospitalized.  (Compl. ¶ 14).  Although

Plaintiff returned to SHS for a short period of time in early 2011, she remained out of work until

April 2011.  (Compl. ¶ 16).  During this time, SHS did not know the specific health condition

which necessitated Plaintiff's leave.  In April 2011, Plaintiff returned to work.  (Compl. ¶ 18).

Upon her return, SHS transitioned Plaintiff from her position in the Human Resources

Department to a Foreclosure Billing Specialist position in the Finance Department.  SHS

undertook this transition because of Plaintiff's poor performance in her role in the Human

Resources Department.  SHS did not transition the Plaintiff to the Finance Department because

she had exercised her right to FMLA-protected leave or because of any real, alleged, or

perceived disability that she may have suffered from at that time.  During the remainder of 2011

and the first half of 2012, Plaintiff committed a number of billing errors while working as a

Foreclosure Billing Specialist.  SHS issued a written warning to the Plaintiff on June 7, 2012.  In

late July 2012, Plaintiff was hospitalized.  (Compl. ¶ 20).  SHS did not have any knowledge of

the specific medical condition for which the plaintiff was hospitalized until August 8, 2012.

While Plaintiff was out on leave, SHS discovered a number of billing errors she committed.

Specifically, Plaintiff's peer, Ms. Dalila Popko, herself a Foreclosure Billing Specialist, and one

of the two employed at the time at SHS, discovered Plaintiff's errors and brought them to the

attention of SHS.  On July 30, 2012, while Plaintiff remained out on leave, and *still without*

*having any knowledge of the specific medical reason for her absence*, SHS decided to terminate

Plaintiff's employment.  SHS communicated this decision to Plaintiff on August 9, 2012.

## HISTORY OF FACT DISCOVERY

### I.      Fact Discovery from the Filing of the Complaint until August 30, 2017

This case is about to enter its third year of litigation.  On February 21, 2015, Plaintiff Ana

Grover filed her Complaint in the Rhode Island Superior Court for Providence County.  On

January 1, 2016, Defendant moved the action to the United States District Court for the District

of Rhode Island.  In her Complaint, Plaintiff alleges that SHS discriminated against her because

of her alleged disability when it transitioned her into the Foreclosure Billing Specialist position

and also when it terminated her employment.  In addition, Plaintiff alleges that SHS interfered

with her rights under the Rhode Island Parental and Family Medical Leave Act ("RIPFMLA")

and the federal Family Medical Leave Act ("FMLA").  Plaintiff also alleges that SHS retaliated

against her when she exercised her rights under these two acts.  SHS has denied and continues to

deny all such allegations.

This Court entered a Standard Pretrial Order on March 14, 2016.  (Def.'s Ex. A).

Pursuant to that order, the fact discovery deadline was set for September 30, 2016.  *Id.*  SHS filed

its Rule 26(a) Initial Disclosure Statements on April 6, 2016.  (Def.'s Ex. B).  In its Statement

and the contemporaneously produced documents, SHS identified Ms. Popko.  *Id.*

The factual discovery deadline remained September 30, 2016.  *Id.*  On May 27, 2016

SHS served written discovery requests on the Plaintiff and noticed her deposition.  (Def.'s Ex. C)

and (Def.'s Ex. D).  Plaintiff's deposition took place on September 6, 2016.  Plaintiff waited

3

until August 30, 2016 to serve written discovery on SHS, five and half months after the entry of the initial Scheduling Order.  (Def.'s Ex. E).

On September 8, 2016, Plaintiff filed a Joint Motion to Extend the Dates Set Forth in the Court's March 14, 2016 Scheduling Order.  (Def.'s Ex. F).  In this Motion, the parties requested this Court to extend the factual discovery deadline to December 29, 2016.  This Court granted this request and the factual discovery deadline was extended accordingly.

On December 8, 2016, Plaintiff filed a Motion to Extend the Dates Set Forth in the Court's September 9, 2016 Scheduling Order.  (Def.'s Ex. G).  In that Motion, Plaintiff asked this Court to extend the factual discovery deadline to February 27, 2017.  *Id.*  As stated in her motion, at that time SHS's responses to Plaintiff's discovery requests were outstanding and Plaintiff needed to secure SHS's responses to her discovery requests before she could schedule depositions.  *Id.*  In her motion, Plaintiff stated that she "[did] not anticipate further extension requests at this time."  *Id.*  On December 12, 2016, this Court granted the Plaintiff's motion and extended the discovery deadlines accordingly.  (Def.'s Ex. H).

On January 27, 2017, SHS responded to Plaintiff's discovery requests.  (Def.'s Ex. I). On January 30, 2017, Plaintiff's counsel informed SHS's counsel of its intention to depose the following SHS partners and employees:  Jeffrey Rutko (Chief Financial Officer), Karyn Rhodes (Human Resources Consultant); Stephen Shechtman (Managing Partner); Preston Halperin (Partner); and Gina Grant (Accounting Manager).  (Def.'s Ex. J at 6).  In this email correspondence, Plaintiff's counsel stated that she wished to take the depositions before "the discovery deadline lapses."  *Id.*  At that time, Plaintiff's counsel did not indicate that she wished to depose Ms. Dalila Popko, a former SHS employee who had, similar to the Plaintiff, been previously employed as a Foreclosure Billing Specialist.  *Id.*  The next day, SHS's counsel asked

Plaintiff's counsel to provide him with her available dates. *Id.* On February 2, 2017, Plaintiff's counsel informed SHS's counsel that she would like to schedule a Rule 37 teleconference to discuss perceived deficiencies in SHS's discovery responses. *Id.* at 5. Counsel agreed to hold the teleconference on February 7, 2017. *Id.*

During the Rule 37 teleconference, Plaintiff's counsel asked for and received SHS's counsel's consent to file another motion to extend the discovery deadlines by 90 days. (Def.'s Ex. J at 2). On February 15, 2017, Plaintiff filed the necessary motion with the Court. (Def.'s Ex. K). On February 16, 2017, this Court granted the motion, extending the fact discovery deadline to May 30, 2017. (Def.'s Ex. L).

On May 1, 2017, Plaintiff's counsel informed SHS's counsel that he would like to take depositions of five individuals and a Rule 30(b)(6) deponent. (Def.'s Ex. M at 1). Yet again, Plaintiff did not express any intention to depose Ms. Popko. *Id.* By May 9, 2017, the parties had agreed to a schedule for the aforementioned depositions. (Def.'s Ex. N). On the same day, Plaintiff filed another motion to extend the dates set forth in the scheduling order. (Def.'s Ex. O). On May 12, 2017, Plaintiff's counsel informed SHS's counsel that it had to continue all of the previously-scheduled depositions due to his commitments in the *Mancini* case. (Def.'s Ex. P). Again, Plaintiff's counsel did not ask to depose Ms. Popko. *Id.* Subsequently, SHS's counsel requested that Plaintiff's counsel provide him with available June 2017 dates for these continued depositions. *Id.* Throughout May and June 2017, counsel for both parties worked diligently to schedule the six depositions. (Def.'s Ex. Q).

By August 14, 2017, Plaintiff's counsel completed all of the depositions he had noticed. Suddenly, late in the afternoon of Friday, August 18, 2017, Plaintiff's counsel informed SHS's counsel that an additional 90 days was needed to complete fact discovery. (Def.'s Ex. R at 4).

5

Specifically, Plaintiff's counsel expressed his intention – for the first time – to depose Ms.

Popko. *Id.*  In support of this request, Plaintiff's counsel stated that "[w]e spoke with Dalila

Popko the other day, and she has a lot of important information about this case.  As such, we

need to take her deposition …. Dalila Popko claims that errors happened all the time and that she

made them too and that the firm knew about it." *Id.*  In this email, Plaintiff's counsel did not

address why he had failed to previously notice Ms. Popko's deposition.  *Id.*  In the same email,

Plaintiff's counsel also informed SHS's counsel that he wished to propound additional discovery

requests on SHS relating to the alleged billing errors.  *Id.*  On August 21, 2017, SHS's counsel

sent a detailed email to Plaintiff's counsel providing its reasons for its rejection of the request for

an additional 90 day extension of the fact discovery deadline.  (Def.'s Ex. R at 1-2).  Further,

SHS's counsel informed Plaintiff's counsel that he would make himself available for the

remainder of August, if Plaintiff's counsel wished to depose Ms. Popko before the month's end.

*Id.*  Plaintiff's counsel did not respond to any of the reasons underlying SHS's rejection of his

request, declined to consider the offer to take Ms. Popko's deposition during the remainder of

August, and informed SHS that "[w]e will file our motion." *Id.*

On August 28, 2017, SHS supplemented its previous discovery responses.  SHS provided

an additional 131 pages of emails from Ms. Grant, SHS's Accounting Manager, in which she

addresses billing errors made by other Foreclosure Billing Specialists at SHS.  (Def.'s Ex. S).

## II.   Plaintiff's August 30, 2017 Emergency Motion, September 14, 2017 Hearing and Text Order

On August 30, 2017, at 8:19 pm, Plaintiff's counsel filed an Emergency Motion to

Extend the Dates Set forth in the Court's March 14, 2016 Scheduling Order –  with less than four

hours before the close of fact discovery – and propounded additional interrogatories and requests

for production on documents on SHS.  In the Emergency Motion, Plaintiff asked this Court to

extend the discovery deadline by 90 days.  (Def.'s Ex. T).  As outlined in her Emergency Motion and argued at the hearing held before United States Magistrate Judge Patricia Sullivan, Plaintiff argued that she needed the extension because:  1) she needed to depose Dalila Popko, a former SHS employee; 2) she first needed documentation of billing errors in SHS's possession which Gina Grant and Stephen Shechtman testified to at their depositions; and 3) she needed this information to "effectively examine Popko on SHS's billing practices, specifically how SHS handles billing errors and under what circumstances it disciplines its employees for billing errors."  (Def.'s Ex. T at 4).  To reiterate, Plaintiff requested an extension of the fact discovery deadline, to receive additional responsive documents to her already-served Requests for Production of Documents in order to effectively depose Ms. Popko.  In fact, before Plaintiff filed her Emergency Motion, SHS provided 130 pages of emails detailing errors committed by other employees in SHS's Foreclosure Billing Department, which the Plaintiff could attempt to utilize in support of her pretext argument.

Further, in her Emergency Motion, Plaintiff argued that she needed to depose Ms. Popko in order secure testimony relating to Ms. Popko alleged "[making of] serious billing errors similar to Grover's [for which] she was not terminated or disciplined in any way."   (Def.'s Ex. T at 7).  Further, Plaintiff contended that Ms. Popko would testify that "whenever [Popko] made a billing error she would inform Grant by e-mail of her errors.  Presumably, these e-mails are contained in the folders on Grant's desktop computer …. [and] after the information surfaced during Grant and Shechtman's deposition regarding the additional discovery that is needed regarding SHS's billing errors, Grover believes that it would be futile to examine Popko on SHS's billing practices without this information in hand." *Id.*  Again, SHS produced these emails shortly before Plaintiff filed her Emergency Motion.

After the hearing on the Emergency Motion, Judge Sullivan granted a sixty-day extension to the fact discovery deadline, ending discovery on October 30, 2017.  At the hearing, the Judge noted that this extension provided sufficient time to Plaintiff's counsel to depose Ms. Popko. The Judge did not condition the length of the extension on Plaintiff's satisfaction with the quantity and type of documents produced by SHS in response to her August 30, 2017 discovery requests, which were not the subject of oral argument at the September 14, 2017 hearing.

III.    **SHS's Timely Response to Plaintiff's August 30, 2017 Discovery Requests and Plaintiff's Willful Failure to Complete Discovery by October 30, 2017**

SHS timely responded to Plaintiff's Second Set of Interrogatories and Second Set of Document Requests.  (Def.'s Ex. U).  Plaintiff concedes this fact.  (Def.'s Ex. V).  Yet, Plaintiff waited until October 17, 2017 – two weeks after service of the responses – to request a Rule 37 conference to discuss SHS's discovery responses.  (Def.'s Ex. W).  In response to this request, SHS's counsel promptly agreed to hold the conference on October 19, 2017.  Prior to this conference, Plaintiff's counsel did not provide any specific details to SHS's counsel regarding the allegedly insufficient discovery responses.  The conference was held on October 19, 2017. During the conference, Plaintiff's counsel raised concerns regarding SHS's responses to Plaintiff's Requests for Production numbers 1, 2, 3, and 9.  In response to these concerns, SHS's counsel informed Plaintiff's counsel that the requested documents were irrelevant to the claims and defenses in this matter, were unduly burdensome, not reasonably limited in time and scope, and were utterly disproportionate to the needs of the case.  Further, in an attempt to reach a resolution, SHS's counsel suggested to Plaintiff's counsel that he either forward him correspondence setting forth, in written detail, the reasons why he believed that the objections were improper and the requested documents discoverable, or to file a motion to compel their production, giving SHS an opportunity to outline its reasons supporting its objections to the

production of the requested documents.  Plaintiff did not take either step.  As expected, Plaintiff instead waited another two weeks and filed yet another motion to the fact extend discovery deadline on the very last day of the fact discovery.

To date, Plaintiff has not discussed – on a single instance – the scheduling of Ms. Popko's deposition with SHS and its attorney.  Plaintiff did not, in the six weeks following Judge Sullivan's grant of an extension to the fact discovery deadline, propose any set of dates for Ms. Popko's deposition.  In fact, Plaintiff has never noticed Ms. Popko's deposition – despite the "emergency" nature of its August 30 Motion to Extend the Discovery deadlines.

## ARGUMENT

To date, the fact discovery deadline has been extended five separate times.  Plaintiff's request, if granted, would be the sixth extension, giving Plaintiff nearly three years to complete fact discovery after the filing of the Complaint in the Superior Court on February 21, 2015.  This Court should deny Plaintiff's Motion because she has failed to show the necessary good cause to extend the fact discovery deadline for a sixth time.  Since this Court's grant of Plaintiff's Emergency Motion on September 14, 2017, Plaintiff's counsel has not acted diligently to take the deposition of Ms. Dalila Popko – despite ample opportunity to do so.  In fact, Plaintiff's counsel has taken no steps whatsoever towards taking the deposition.  Plaintiff's cursory argument – the alleged need to obtain thousands of pages of irrelevant and not discoverable documents before taking the deposition of a fact witness regarding her own personal knowledge of the facts in dispute – is yet another attempt to delay Plaintiff's identification of her expert witness and SHS's filing of its motion for summary judgment.  If Plaintiff's dilatory tactics are left unchecked by the Court, SHS will be greatly prejudiced by incurring additional litigation costs and spending more time defending this matter, with no foreseeable end to the litigation.

## I.      Legal Precedent

As noted by this Court, "'everything has to come to an end, some time,' so with the fact discovery phase for these cases." *Wai Feng Trading Co. v. Quick Fitting, Inc.*, 2016 U.S. Dist. LEXIS 77672, 4-5 (D.R.I. June 14, 2016) (citing *Greer v. Elec. Arts, Inc.*, No. C10-3601 RS JSC, 2012 U.S. Dist. LEXIS 174765, 2012 WL 6115599, at *3 (N.D. Cal. Dec. 10, 2012) ("At some point fact discovery must end. That point has arrived.")).  Further, this "Court's task is to keep the cases rolling forward, steady and true, on the discovery road mapped by Fed. R. Civ. P. 26(b)(1), with its now clear directive that courts must ensure that discovery is limited to what is 'proportional to the needs of the case.'"  *Id.* at 5. "[D]iscovery, like all matters of procedure, has ultimate and necessary boundaries," *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S. Ct. 385, 91 L. Ed. 451 (1947), and "that the discovery rules are not an excursion ticket to an unlimited, never-ending exploration of every conceivable matter that captures an attorney's interest." *Wai Feng Trading Co.* at 26 (citing *Robinson v. Stanley*, No. 06 C 5158, 2010 U.S. Dist. LEXIS 25073, 2010 WL 1005736, at *5 (N.D. Ill. Mar. 17, 2010).

A pretrial scheduling order can be modified "only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  Rule 16's good cause standard "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent," although prejudice remains relevant. *Somascan, Inc. v. Philips Med. Sys. Nederland, B.V.*, 714 F.3d 62, 64 (1st Cir. 2013) [*30]; *O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 155 (1st Cir. 2004).  In addition, the court should consider factors such as the history of the litigation, the proponent's need for the discovery, the justification (if any) for a late request, and the opponent's ability to overcome its adverse effects. *See Insight Tech., Inc. v. SureFire, LLC*, No. 04-CV-74-

JD, 2008 U.S. Dist. LEXIS 88074, 2008 WL 4526185, at *1 (D.N.H. Oct. 2, 2008) (citing

*Macaulay v. Anas*, 321 F.3d 45, 51 (1st Cir. 2003)); *Tavares v. Enter. Rent-A-Car Co.*, 2015 U.S.

Dist. LEXIS 122401, 29-30 (D.R.I. Jan. 16, 2015).

## II.   Legal Argument

### A.   This Court should not extend the October 30, 2017 factual discovery deadline because Plaintiff has failed to show good cause as to why she has failed to depose Ms. Popko after this Court's grant of an extension for the express purpose of taking this deposition.

This Court should deny Plaintiff's Motion because she has failed to show the good cause

necessary to extend the fact discovery deadline.  Plaintiff has not acted with diligence in taking

Ms. Popko's deposition; rather, she has acted with utter disregard of this Court's latest Amended

Scheduling Order.  In addition, this Court should deny Plaintiff's Motion because she has had

ample opportunity to depose Ms. Popko and the evidence which she seeks to obtain from the

deposition has already been provided by SHS.

### 1.   Plaintiff has not acted with due diligence in taking Ms. Popko's deposition as evidenced by her failure to take any steps to schedule the deposition.

Plaintiff has failed to take any steps to notice Ms. Popko's deposition.  To this date –

despite this Court's extension of the fact discovery deadline pursuant to Plaintiff's Emergency

Motion – Plaintiff has not proposed a single date to take Ms. Popko's deposition.  In fact,

Plaintiff has never discussed the topic with SHS and its counsel at any length.  It is clear that

Plaintiff does not want to depose Ms. Popko; rather, she wishes to use the alleged need to take

this deposition to delay the identification of an expert witness and SHS's filing of its summary

judgment motion.

Plaintiff's own actions clearly support this conclusion.  Although Plaintiff received an

extension of the August 30, 2017 deadline, she failed to take any steps to notice Ms. Popko's

deposition from September 14, 2017, the date on which this Court ordered the extension, to

October 17, 2017, the date of the Rule 37 teleconference.  Even more telling, Plaintiff not only failed to notice Ms. Popko's deposition after October 17, 2017, but also failed to take any steps towards resolving the alleged discovery dispute preventing her deposition from taking place.

Plaintiff has failed to properly follow the Federal Rules of Civil Procedure to compel SHS to produce the documents that she deems discoverable and a necessary prerequisite to the taking of Ms. Popko's deposition.  Plaintiff has not filed a motion to compel as required under Rule 37 of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 37.  Plaintiff has also not – despite SHS's counsel's request – provided SHS with any correspondence setting forth the reasons why SHS must produce documents responsive to Requests Nos. 1, 2, 3, and 9.  Plaintiff has failed to do so because she is clearly aware that these requests are irrelevant, overly broad and disproportionate to the needs of this case.  Plaintiff has failed to – at any length – set forth how these requests seeking seven years of scorecards, outstanding debt records, and accounts receivable statements relating to hundreds of SHS's clients, totaling thousands of pages, are an absolute necessity in order for the deposition of a former low-level employee to go forward. This is so because these documents have no bearing on Ms. Popko's expected deposition testimony.  Ms. Popko did not deal with accounts receivable statements, did not conduct any work with scorecards, and had no role in how the firm dealt with the debt it had written off; her function was to process foreclosure billing documents.  Clearly, the requested documents have no bearing on her deposition.  Because Plaintiff did not diligently pursue taking Ms. Popko's deposition, this Court should reject her latest request for an extension and bring discovery to an end.

**2. The fact discovery deadline has been extended five separate times; it must now come to an end.**

The October 30, 2017 fact discovery deadline should not be extended for a sixth time.  As outlined extensively, *supra*, Plaintiff has had three years to conduct fact discovery in this case.  During this time, Plaintiff has known about Ms. Popko and her possible knowledge of facts relating to the claims and defenses in this matter since they were former co-workers and employed in the same capacity at the same time with SHS.  Despite Plaintiff's failure to depose Ms. Popko prior to August 30, 2017, this Court gave Plaintiff one last opportunity to do so when it extended the fact discovery deadline to October 30, 2017.  Nevertheless, Plaintiff failed to depose Ms. Popko.  Despite the various opportunities that this Court has provided to Plaintiff to sufficiently conduct fact discovery and depose Ms. Popko, Plaintiff has chosen not to do so.  At this time, it is clear that Plaintiff wishes to use "the discovery rules … as an excursion ticket to an unlimited, never-ending exploration of every conceivable matter that captures [her] attorney's interest."  SHS urges this Court to not indulge Plaintiff in this pursuit any longer.

It is clear that Plaintiff was not diligent in her attempt to depose Ms. Popko throughout this litigation, despite knowing that she likely possessed information relevant to her case.  This Court has extended the fact discovery deadline five times in this case.  Plaintiff has had ample time to depose Ms. Popko; she has chosen not to do so.  It is time for fact discovery to end.  Therefore, this Court should not grant Plaintiff's request to amend the Scheduling Order to take Ms. Popko's deposition.

## CONCLUSION

Based on all of the aforementioned reasons, SHS respectfully requests this Honorable

Court to deny Plaintiff's Motion and to not extend the August 30, 2017 fact discovery deadline.

Defendant,
SHECHTMAN HALPERIN SAVAGE, LLP
By its attorneys,


/s/ Ali Khorsand
MICHAEL D. CHITTICK (#5967)
mchittick@apslaw.com
ALI KHORSAND (#8084)
akhorsand@apslaw.com
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel:  (401) 274-7200
Fax:  (401) 351-4607

Dated:  November 13, 2017

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2017, a true copy of the within was filed electronically via the Court's CM/ECF System.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and the filing is available for viewing and downloading from the Court's CM/ECF System.  Service on the counsel of record listed below has been effectuated by electronic means.

Mark P. Gagliardi, Esq.
Law Office of Mark P. Gagliardi, LLC
120 Wayland Avenue, Suite 7
Providence, RI  02906
mark@gagliardilaw.net


/s/ Ali Khorsand

876617.v1